# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Jon Robert Brown ) | |
| and ) | |
| Dixie Renee Brown ) | |
| Plaintiffs, ) | Case No. _____ |
| vs. ) | |
| Accountable Finance, Inc. ) | |
| Serve Registered Agent at: ) | |
| Donald V. Collins ) | |
| 12103 W. 66th St. ) | |
| Shawnee, KS 66216 ) | |
| Defendant, ) | |
| and ) | |
| Equifax Information Services, LLC, ) | |
| Serve Registered Agent at: ) | |
| Corporation Service Company ) | |
| 2900 SW Wanamaker Dr., Suite 204 ) | |
| Topeka, KS 66614 ) | |
| Defendant, ) | |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Jon Robert Brown and Dixie Renee Brown, by and through their attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in their Complaint for Damages state and allege to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumers Jon Robert Brown and Dixie Renee Brown against Accountable Finance, Inc. and Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that both Defendants transact business in the state of Kansas and Kansas is where the injuries occurred.

## PARTIES AND SERVICE

3. Jon Robert Brown and Dixie Renee Brown (hereafter "**Plaintiffs**"), are natural persons who, at all times relevant, reside in the State of Kansas.

4. Defendant Accountable Finance, Inc., hereafter ("**Defendant Accountable**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Donald V. Collins, 12103 W. 66th St., Shawnee, KS 66216.

5. Defendant Equifax Information Services, LLC, hereafter ("**Defendant Equifax**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, Corporation Service Company, at 2900 SW Wanamaker Dr., Suite 204, Topeka, KS 66614.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6. On March 12, 2009, Plaintiffs filed a Chapter 13 Bankruptcy in the District of Kansas, Case No.09-20637.

7. Plaintiffs proposed to discharge the unsecured debt owed to Metcalf Auto Plaza, who financed the loan through Defendant Accountable.

8. Both Metcalf Auto Plaza and Defendant Accountable share the same address of 7733 Metcalf, Overland Park, KS 66204, which is where all bankruptcy notices were sent.

9. Defendant Accountable did not object to the treatment of discharging the debt.

10. Plaintiffs received their discharge on June 6, 2014.

11. The Certificate of Service of the Discharge Order showing Defendant Accountable received notice of Plaintiffs' Discharge is attached as Exhibit A.

12. On or about October 13, 2014, Plaintiffs requested and reviewed their credit reports from TransUnion, Equifax and Experian.

13. Plaintiffs became aware that Defendant Accountable was misreporting information on their TransUnion and Equifax credit reports.

14. Defendant Accountable was reporting incorrectly on Plaintiffs' credit reports that the account was charged off with an outstanding balance, a past due amount and a charge off amount of $11,491.00.

15. On December 1, 2014, Plaintiffs sent letters with their bankruptcy information to TransUnion and Equifax disputing Defendant Accountable's incorrect reporting in accordance with 15 U.S.C. § 1681i.

16. Copies of Plaintiffs' dispute letters are attached as Exhibit B.

17. TransUnion and Equifax sent Consumer Dispute Verifications to Defendant Accountable as required by 15 U.S.C. § 1681i.

18. Defendant Accountable failed to correct the balance reported on Plaintiffs' Equifax credit reports.

19. Despite the receipt and knowledge of Plaintiffs' dispute letters, Defendant Accountable was still willfully misreporting to Equifax that the account was charged off with an outstanding balance, a past due amount and a charge off amount of $11,491.00.

20. Plaintiffs' incorrect Equifax credit reports are attached as Exhibit C.

21. Defendant Accountable's failure to conduct a reasonable investigation of Plaintiffs' accounts, as reported to Equifax, was a substantial factor causing Plaintiffs emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to their fresh start entitled under the Bankruptcy Code.

22. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' credit worthiness.

## COUNT I
## DEFENDANT ACCOUNTABLE
## VIOLATIONS OF THE FCRA

23. Plaintiffs repeat, reallege and incorporate by reference each and every prior paragraph in this Complaint.

24. Plaintiffs are a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

25. Defendant Accountable qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

26. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

27. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

28. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

29. After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

30. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from a number of factors.

31. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

32. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

33. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that

information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

34. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

35. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees.  15 U.S.C. § 1681n.

36. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

37. After receiving notice of Plaintiffs' dispute letters from Equifax, Defendant Accountable should have conducted a reinvestigation and properly updated the information reported on Plaintiffs' accounts to Equifax, but failed to do so.

38. As a result of the actions of Defendant Accountable, Plaintiffs suffered damages including emotional distress and frustration.

39. The plain language of the FCRA's damages provisions permits Plaintiffs to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

40. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

41. Defendant Accountable was notified by Equifax of Plaintiffs' dispute letters requesting a reinvestigation that it was reporting inaccurate information on Plaintiffs' credit reports.

42. Defendant Accountable elected to ignore that information it received, failed to do a reasonable reinvestigation and refused to correct Plaintiffs' Equifax credit reports.

43. The purpose of the reinvestigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

44. Defendant Accountable knew it was required by law to have reinvestigation procedures and protocols in place to conduct a reinvestigation of Plaintiffs' account information and Defendant Accountable's failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiffs' accounts constitutes willful, conscious and reckless disregard for Plaintiffs' rights, including those under the FCRA.

45. Defendant Accountable's failure and refusal to conduct a reasonable investigation and correct the information Defendant Accountable is furnishing to Equifax concerning Plaintiffs' accounts constitutes a willful violation of the FCRA.

46. Defendant Accountable fails and refuses to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

47. This failure and refusal is compounded by Defendant Accountable's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiffs and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages against Defendant Accountable in such sum as will deter Accountable and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT II
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

48. Plaintiffs repeat, reallege, and incorporate by reference each and every prior paragraph in this Complaint.

49. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

50. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

51. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiffs for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiffs in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' disputes to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully and negligently failing to provide all relevant information provided by Plaintiffs regarding the disputes of the inaccurate information

    to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

  d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiffs concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

  e. Willfully and negligently failing to delete the inaccurate information from Plaintiffs' credit files after reinvestigation, in violation of 15 U.S.C. §1681i(a);

  f. Willfully and negligently failing to note Plaintiffs' disputes of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

  g. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiffs;

  h. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, information and files, in violation of 15 U.S.C. §1681e(b);

  i. Willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiffs' credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

  j. Willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

52. Defendant Equifax's conduct was a direct and proximate cause, as well as a

substantial factor, in bringing about the actual damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiffs pray judgment in their favor for damages as provided by the FCRA in such amount as fair and reasonable, for their actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Defendant Equifax and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

53.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Jon Robert Brown and Dixie Renee Brown respectfully request this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Removal of all misreported information from Plaintiffs' Equifax credit reports;

f. For such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*/s/* Chelsea S. Springer

Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
1125 Grand Boulevard, Suite 1300
Kansas City, MO  64106
Phone: (816) 842-1317
Fax: (816) 842-0315
admin@tlrlaw.com
Attorney for Plaintiffs